IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF TEXAS ex rel. DOUG MOORE, AND DOUGLAS MOORE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-1452-O |
| CITY OF DALLAS, TEXAS AND SOUTHWEST GENERAL SERVICES OF DALLAS, L.L.C., | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference filed February 3, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Relator's Motion for Leave to File an Amended Complaint* (doc. 68), filed April 20, 2011. Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

### I.  BACKGROUND

Relator Douglas Moore ("the relator") filed a sealed complaint on behalf of the United States of America and the State of Texas on August 5, 2009, alleging that the City of Dallas ("the city") and Southwest General Services of Dallas, L.L.C. ("Southwest"), had engaged in improper billing practices in violation of the federal False Claims Act ("FFCA") and the Texas Medicaid False Claims Act ("TMFCA"). On January 15, 2010, the relator amended his complaint to include a claim for retaliation under the FFCA and alleged, among other things, improper billing of ambulance services by Southwest and the city's fire rescue department. On March 24, 2010, the relator

requested leave to file a second amended complaint to include allegations of the city's violation of the Texas Government Code. The proposed complaint alleged that the relator had informed the defendants of his concerns regarding the improper billing of ambulance services. The court granted his request for leave to file the second amended complaint on April 1, 2010.

The case was unsealed on May 11, 2010, and the defendants were served with the summons and the complaint on September 14, 2010. On November 8, 2010, the court entered a scheduling order setting a January 7, 2011 deadline for joinder of parties or for amendment of pleadings, a June 30, 2011 deadline for completion of discovery, and a July 29, 2011 deadline for filing dispositive motions. On March 10, 2011, the relator's counsel deposed the city auditor, Craig Kinton ("Kinton"), who testified that he had learned of the improper billing of ambulance services during the audit process but had not contacted the authorities about a potential overpayment from Medicare and Texas Medicaid. On April 20, 2011, the relator filed this motion for leave to amend his complaint in order to include allegations that Kinton had knowledge of an overpayment from Medicare and Texas Medicaid but acted in deliberate ignorance or reckless disregard of the truth or falsity of the information in violation of the FFCA and TMFCA. The city and Kinton have timely filed a response, the relator has timely filed a reply, and the motion is now ripe for determination.

## II. ANALYSIS

The relator's motion for leave to amend his complaint has been filed after the deadline specified in the scheduling order for filing motions for leave to amend pleadings.

Motions to amend made before the expiration of a scheduling order's deadline are governed by federal rule of civil procedure 15(a)(2), which provides that a court "should freely give leave when justice so requires." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008). Post-

deadline motions to amend, however, are governed by rule 16(b)(4)'s more stringent standard, which provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." *Id.* (citing *S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). Only after a party has shown good cause for not meeting the scheduling deadline does the more liberal standard of rule 15(a) apply to the court's decision to grant or deny leave. *Fahim*, 551 F.3d at 348 (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). Four factors are relevant in determining whether good cause exists to permit a post-deadline amendment: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See Southwestern Bell*, 346 F.3d at 546 (citing *S&W Enters.*, 315 F.3d at 536).

**A. Explanation for Failure to Timely Move**

As an explanation for his failure to timely move for an amendment, the relator argues that the new facts he discovered through Kinton's deposition testimony were not available to him earlier. The relator was aware of Kinton's actions long before his counsel deposed Kinton and at the time he moved for leave to file his second amended complaint, however. He alleged in his second amended complaint that he had repeatedly informed the defendants of his concerns about improper ambulance billing. When asked to provide specifics about those allegations at his deposition, he testified that he had relayed his concerns about the ambulance billing services to the "management" at the city auditor's office, including Kinton, and had told Kinton that the city was at risk for an

3

overpayment from Medicare if there was an audit on their billing practices. He also testified that Kinton should have reported the city's improper billing services to the federal government in April 2009. Given these circumstances, the relator has failed to provide a persuasive explanation for his failure to timely move for leave to add these allegations. The first factor therefore does not favor an amendment.

**B. Importance of the Amendment**

With respect to the "importance" prong of the "good cause" standard, the relator points out that his complaint makes allegations of fraud against the state and the federal government involving millions of dollars of damages, and states that Kinton had knowledge of the overpayment issue, but took no steps to alert the appropriate authorities to the issue. Apart from pointing to the seriousness of Kinton's alleged failure to act, however, the relator does not provide any reasons why the proposed amendment is important to the overall case. This factor therefore does not favor an amendment.

**C. Potential Prejudice from the Amendment**

The relator contends that there is no potential prejudice from the proposed amendment. It is undisputed that the city has reached an agreement with the United States and the State of Texas to settle the relator's FFCA and TMFCA allegations. Allowing an amendment at this stage of trial would divert the city's resources from the remaining issue of retaliation and would require additional time and focus in answering new allegations which may already have been resolved by the settlement agreement. While the relator contends that Kinton is not released under the terms of the settlement agreement, the court need not decide the issue at this juncture. Because there is potential prejudice from the proposed amendment, the third factor does not favor an amendment.

4

### D. Availability of a Continuance

The relator does not make any arguments with respect to the fourth factor of the "good cause" analysis, and the court finds that it also does not favor an amendment. As is evident from his deposition testimony, the relator was aware of Kinton's knowledge of the allegedly improper billing practices at the very least on March 24, 2010, when he moved for leave to file his second amended complaint. However, he waited until April 10, 2011, to move for leave to file a third amended complaint, which was twenty months into the case, over twelve months after he moved for leave to file the second amended complaint, and three months after the scheduling order deadline had expired. Given these circumstances and the fact that the deadlines for completion of discovery and for filing dispositive motions are rapidly approaching, a continuance at this stage of trial is not advisable. The continuance, moreover, would not cure the potential prejudice to the city of having to answer for allegations that may already have been resolved by the settlement agreement.

Considering the four factors together, the relator has failed to meet its burden to establish good cause for leave to file an untimely third amended complaint. *S & W Enters.*, 315 F.3d at 536.

### III. CONCLUSION

The relator's motion for leave to file a third amended complaint is **DENIED**.

**SO ORDERED** on this 18th day of June, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE